HAZOURI, J.,
concurring specially.
Although I am constrained to concur because the trial court is the trier of fact in a suppression hearing, I consider it very questionable that Gonzalez voluntarily consented to the search of his residence. Having handcuffed Gonzalez, the detectives could have secured the residence and then obtained a search warrant. Instead, having chosen not to seek a search warrant, the detectives relied upon voluntary consent. I find it odd that the detectives found it necessary to handcuff Gonzalez and place him on the ground, especially since there was no testimony that Gonzalez resisted or posed a threat to officer safety. I express the same concern that Chief Judge Gross expressed in Ruiz v. State, 50 So.3d 1229 (Fla. 4th DCA 2011):
[A]s an appellate court, we must defer to the express finding of credibility made by the trial court. We were not there. We did not see the witnesses testify. If believed, the detectives’ testimony supports the court’s ruling. This case demonstrates the importance of an independent judiciary. This case involves the search of a person’s home, but were the factors bearing on the vol-untariness of the consent scrutinized “with special care?” Without an unbiased and objective evaluation of testimony, judges devolve into rubber stamps for law enforcement. The judge may have punctiliously performed the duties of his office in this case, but, when considering the large number of “consent” cases that have come before us, the finding of “consent” in so many curious circumstances is a cause for concern.
Id. at 1283.